**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK A. WILLIAMS, SR., Plaintiff, v. CORVEL RISK MANAGEMENT, et al., Defendants. | CIVIL NO. 1:26-cv-00604 (Magistrate Judge Latella) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Mark A. Williams, Sr. filed a Motion for Voluntary Dismissal, seeking dismissal of this action against all Defendants with prejudice and indicating that the Parties reached a settlement. For the reasons set forth herein, we recommend that the Motion be granted and that this matter be dismissed with prejudice.

## I. Procedural Background

Plaintiff initiated the above-captioned action by filing a Complaint on March 11, 2026 against Defendants Corvel Risk Management, Mackenzie Chandler, Michelle Simpson, Philip Keith Breeden, Chris Cottrell, State of Tennessee A/S/O, Division of Claims & Risk

Management, Kathlyn Dibbs, Tennessee Department of Transportation, Tennessee Department of Treasury, Jodi Overstreet, and Doe 1 through 25 Defendants. (Doc. 1). In his Complaint, Plaintiff alleges violations of the Americans with Disabilities Act and the Civil Rights Act of 1964.

On May 19, 2026, Defendants Corvel Risk Management, Mackenzie Chandler, Michelle Simpson, Chad Bellin, Philip Keith Breeden, and Chris Cottrel filed a Motion to Strike Plaintiff's Complaint, Or In The Alternative, For a More Definite Statement. (Doc. 6). Plaintiff filed a "Motion in Opposition to Defendants' Motion to Strike Plaintiff's Complaint" on May 28, 2026. (Doc. 13). Defendants Tennessee Department of Transportation, Tennessee Department of Treasury, Kathlyn Dibble (Dibbs), and Jodi Overstreet (the "Tennessee Defendants") filed a Motion to Strike Plaintiff's Complaint, Or, In the Alternative, For a More Definite Statement on June 12, 2026. (Doc. 14). On June 18, 2026, Plaintiff filed a "Motion to Hold Witness In Contempt for Failure to Comply with Subpoena." (Doc. 15). Plaintiff then filed a "Notice and Motion for Oral Argument" on June 23, 2026. (Doc. 16). He filed a Motion for Default Judgment on June 23, 2026. (Doc. 17). The Tennessee Defendants filed a Brief in Opposition to the Motion for

Default Judgment on June 26, 2026. (Doc. 19). On October 1, 2026, Plaintiff filed a "Motion for Voluntary Dismissal," which we consider now. (Doc. 20).

## II. Discussion

Plaintiff asserts that the parties have reached a settlement and seeks voluntary dismissal of this action against all parties with prejudice. (Doc. 20 at 1). We will treat this as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 and recommend that it be granted.

It is therefore respectfully recommended that this action be **DISMISSED** without prejudice and the Clerk of Court directed to close this case.

Plaintiff is also placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and

> serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing R&R may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Dated: October 2, 2026

**/s/ Leo A. Latella**
**Leo A. Latella**
**United States Magistrate Judge**